## No. 787.

### ADDIE E. HARRIS AND HUSBAND *v.* ADELINE KEIGLER AND HUSBAND.

Where in defense against plaintiffs' claim, an agreement with said plaintiffs in full satisfaction of the amount due them, was relied on by defendants on account of their tutorship, and a bill of exception was taken to its introduction in evidence, on the ground that an agreement of this nature could not be established by parol evidence;

Held—That when all the parties are able to contract, if they did make a contract, there is no reason why it may not be proved by competent proof.

APPEAL from the Parish Court, parish of St. Mary. *Handy, J. Dumartrait, Tucker & Davis,* for defendants and appellants. *Winchester, Caffery & Foster,* for plaintiffs and appellees.

LUDELING, C. J. The plaintiffs sue the defendants for an account of their tutorship.

The answer alleges that, long before, an account of the tutorship was rendered, which was approved of by the plaintiffs after having examined it, and kept it in their possession more than ten days; and that afterwards they agreed with defendants to take twenty-five hundred dollars in cash, and the defendants' note for $7500, in full satisfaction of the amount due them, as shown by the account rendered.

There was judgment in favor of the plaintiffs, disregarding said alleged settlement, and the defendants have appealed.

On the trial the defendants offered witnesses to prove the agreement and settlement stated in the answer, which was objected to on the ground that an agreement of this nature could not be established by parol evidence; the objection was overruled, and the plaintiffs took a bill of exceptions. We see no error in the ruling. The parties were all able to contract, and if they did make a contract, we can perceive no reason why it may not be proved by competent proof. The case of Rawls *v.* Rawls, 6 An. 666, relied upon by plaintiffs, presented a different state of facts.

This case is analogous to Chapman et al. *v.* Chapman, 13 An. 228.

On the merits, we think the defendants have fully established their defense.

The position of the plaintiffs, that the verbal agreement, which exceeds five hundred dollars, is not established, because the testimony of one of the two witnesses for the defense is offset or annulled by that

of a witness for the plaintiffs, is untenable, even if it were true that the plaintiffs' witness contradicted the defendants' witnesses. The law is that the agreement shall be proved by at least one witness and corroborating evidence. Here two witnesses prove the agreement; besides, the note given the plaintiffs is a corroborating circumstance to support the testimony.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and proceeding to render such judgment as should have been rendered in the court a qua, it is ordered and adjudged that there be judgment in favor of the plaintiffs, against the defendants, for the sum of seven thousand five hundred dollars, with eight per cent. per annum interest thereon from the thirteenth of June, 1871, till paid, and costs of the lower court. It is further ordered that the costs of appeal be paid by the appellees.